UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-23554-BLOOM/Otazo-Reyes**

A.B.,
    Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
ALEJANDRO MAYORKAS,
UR M. JADDOU,
VARSENIK PAPZIAN,
    Defendants.
_____/

**ORDER ON MOTION TO FILE UNDER SEAL AND
TO TEMPORARILY PROCEED UNDER A PSEUDONYM**

**THIS CAUSE** is before the Court upon Plaintiff A.B.'s Motion for Leave to File Complaint Under Pseudonym, ECF No. [1] ("Motion"). The Court has considered the Motion, the record in the case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

**I. BACKGROUND**

Plaintiff seeks to file a Complaint for Writ of Mandamus and Injunctive Relief, alleging that Defendants failed to adjudicate Plaintiff's asylum application within a reasonable time in violation of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101, the INA's implementing regulations, and the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701 *et seq*. In his Motion, Plaintiff argues that filing his Complaint under a pseudonym is necessary because Plaintiff applied for asylum in the United States "after facing threats and attacks on his home due to his involvement with an opposition political party." Motion ¶ 2.

Case No. 23-cv-23554-BLOOM/Otazo-Reyes

Plaintiff accordingly argues that he should be permitted to file his Complaint under a pseudonym to protect himself against violent retaliation from "Haitian government agents." Motion ¶ 11. Plaintiff alleges that he is a Haitian citizen whose support for an opposition political party led to "threats and attacks on his home." Motion ¶ 11. Plaintiff also alleges that the perpetrators of these attacks "promised to find and kill him whenever and wherever he was," a threat that Plaintiff argues justifies proceeding anonymously in the present litigation. *Id.*

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading" must "name all the parties[.]" Fed. R. Civ. P. 10(a); *see also In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) ("'Generally, parties to a lawsuit must identify themselves' in the pleadings." (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992))). Rule 10(a) "does not merely further administrative convenience—'[i]t protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d at 1247 (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)). However, this rule is not absolute; a party may proceed under a pseudonym "only in 'exceptional case[s].'" *Id.* (quoting *Frank*, 951 F.2d at 323).

The Eleventh Circuit has established a totality-of-the-circumstances test to determine whether a plaintiff may proceed anonymously. *Id.* at 1247 n.5. The plaintiff must establish "a substantial privacy right [that] outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1247 (quoting *Plaintiff B*, 631 F.3d at 1315-16). The court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (quoting *Plaintiff B*, 631 F.3d at 1316). The first step is three prongs:

whether the plaintiff "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id.* (citing *Plaintiff B*, 631 F.3d at 1316). Two other factors to consider include whether the plaintiff "faces a real threat of physical harm absent anonymity" and whether the plaintiff's "requested anonymity poses a unique threat of fundamental unfairness to the defendant." *Id.* (citations omitted).

### III. DISCUSSION

Here, regarding the first step of the analysis, two prongs apply. This suit involves challenging government activity, namely, the inactivity of the United States Customs and Immigration Services' ("USCIS") Miami Asylum Office in processing Plaintiff's asylum application. Plaintiff has also shown that his personal information constitutes "information of utmost intimacy" in this limited context.

"[I]nformation of utmost intimacy" generally involves issues of birth control, abortion, homosexuality, welfare rights of illegitimate children or abandoned families, personal religious beliefs, and some cases of explicit sexual conduct. *See Plaintiff B*, 631 F.3d at 1316-17; *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979). Plaintiff's personal information does not fall into any of these broad categories, yet the totality of the circumstances support finding that the personal information disclosed on Plaintiff's asylum application constitutes information of utmost intimacy. The USCIS's implementing regulations provide that "[i]nformation contained in or pertaining to any asylum application," including information that "indicate[s] that a specific alien has applied for asylum," shall "be protected from disclosure." 8 C.F.R. § 208.6(a), (b). Although the prohibition on disclosure of

Plaintiff's personal information does not apply to the present action,[1] the regulation instructs that personal information disclosed on an asylum application, including information that simply indicates that an alien has applied for asylum, is presumptively confidential and should be protected from disclosure. The presumption of confidentiality has particular force here, as Plaintiff argues that without anonymity, Plaintiff's name "would be tied to the listed Defendants, which would establish both that Plaintiff has applied for asylum and the general geographic location of his application." Motion ¶ 10. The Court accordingly finds that Plaintiff's personal information contained in his asylum application constitutes "information of the utmost intimacy." *Plaintiff B*, 631 F.3d at 1316-17.

Plaintiff also argues that he faces the threat of physical harm absent anonymity. Plaintiff alleges that his attackers' "promise to find him and kill him whenever and wherever he was," coupled with "Haiti's horrendous track record of human rights abuses against the political opposition" establishes that Plaintiff "faces a real threat of physical harm absent anonymity." Motion ¶ 11 (quoting *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d at 1247). Plaintiff plausibly alleges a threat of physical harm absent anonymity which—taken with the other express factors supporting anonymity—supports permitting Plaintiff to file his complaint under a pseudonym.

The last express factor is whether anonymity results in a "unique threat of fundamental unfairness" to Defendants. *See In re: Chiquita Brands Int'l, Inc.*, 965 F.3d at 1247. For example, "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm." *S. Methodist Univ. Ass'n*, 599 F.2d at 713. In this case, the Court finds that there is no threat of fundamental unfairness to Defendants

---

[1] The prohibition on disclosure of personal information contained in an asylum application and the presumptive confidentiality of the personal information does not apply in "any legal action … [a]rising from … [the] failure to adjudicate the asylum application." 8 C.F.R. § 208.6(c)(2)(i).

in allowing Plaintiff to file his complaint under a pseudonym. Defendants are government entities or government agents sued in their official capacities. *See generally* Motion. The risk of inflicting reputational or economic harm on private parties is therefore absent.

Although the Court appreciates the paramount importance of publicly conducting judicial proceedings, Plaintiff's privacy right at this early stage of the litigation outweighs the need for Defendants and the public to be aware of Plaintiff's identity. The Court also places significant weight on the fact that asylum proceedings are inherently confidential proceedings, and the public has no interest in discovering Plaintiff's identity. The Court therefore finds that—in this unique situation—Plaintiff should be allowed to proceed anonymously by filing his complaint under a pseudonym.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows**:**

1. The Motion, **ECF No. [1]**, is **GRANTED**.

2. Plaintiff may file his Complaint under a pseudonym. Plaintiff shall include his personal name and asylum application number in the summonses served on Defendants.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 20, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record